**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Heriberto GUERRERO–CASTILLO,
also known as Enrique Guerrero,
Jr., Defendant–Appellant.**

No. 06–40377.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern Dis-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

646

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Irma Mendoza Sanjines, Corpus Christi, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Heriberto Guerrero–Castillo (Guerrero) pleaded guilty to illegal reentry after deportation and was sentenced to 70 months of imprisonment.

Guerrero's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Guerrero contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Guerrero properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.